UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSE CORPORATION,<br><br>                  Plaintiff,<br><br>        v.<br><br>SDI TECHNOLOGIES, INC.,<br><br>                  Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## BOSE CORPORATION'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Bose Corporation ("Bose") brings this complaint for patent infringement against SDI Technologies, Inc. ("SDI").

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Bose Corporation is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at The Mountain, Framingham, MA, within this judicial district.

2.    Defendant SDI Technologies, Inc., upon information and belief, is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 1299 Main St., Rahway, NJ.

3.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Upon information and belief, SDI is subject to personal jurisdiction in this district, because it maintains continuous and systematic contacts with the Commonwealth of Massachusetts and in this judicial district.

6.      Upon information and belief, SDI is subject to personal jurisdiction in this district because it is purposefully engaging in activities within the Commonwealth of Massachusetts and in this judicial district that give rise to Bose's claims for patent infringement.

7.      Upon information and belief, SDI resides in this judicial district for purposes of 28 U.S.C. §§ 1391(c) and 1400(b).

8.      Upon information and belief, venue for this infringement action in this judicial district is proper under 28 U.S.C. §§1391(b), 1391(c) and/or 1400(b), at least because SDI resides in this district and has committed acts of infringement in this district.

## THE PATENT-IN-SUIT

9.      Bose is a global leader in the research and development, manufacture, and sale of high quality sound systems.  Bose currently markets and sells a line of widely acclaimed SoundDock® products, which are remote-controlled speaker systems that couple to computers, such as iPods and iPhones.

10.      On January 29, 2013, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 8,364,295 ("the '295 patent"), entitled "Interactive Sound Reproducing" to Paul E. Beckmann, Santiago Carvajal, and Christopher H. Perry.  Bose is the owner by assignment of the '295 patent.  A true and accurate copy of the '295 patent is attached as Exhibit A.

11.      The award-winning SoundDock® products incorporate the patented technology in the '295 patent.

2

### COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 8,364,295

12.     Bose re-alleges and incorporates herein by reference the allegations in paragraphs 1-11 of this Complaint.

13.     SDI manufactures and sells a broad range of consumer electronics, including remote-controllable speaker systems designed to couple to a computer for purposes of, among other things, receiving audio information from the computer.  In particular, these speaker systems couple to an iPod, iPhone, and/or iPad and are marketed under its "iHome" brand (collectively, "the accused audio products").  Some of the accused audio products also include an AM/FM tuner and/or an alarm clock, and/or are configured to couple to a computer that is connected to a network such as the internet.

14.     In violation of 35 U.S.C. § 271(a), SDI has directly infringed and continues to directly infringe one or more claims of the '295 patent by making, using, offering for sale, selling in the United States and/or importing into the United States the accused audio products.

15.     SDI has actual notice of the '295 patent and its infringing acts at least as a result of this Complaint.

16.     Upon information and belief, SDI has been aware of the claims in the '295 patent at least as of and well prior to the patent's issuance via its monitoring of publicly available documents filed in the USPTO.  Upon information and belief, SDI has monitored the prosecution regarding the application for the '295 patent in the USPTO (Application No. 11/608,034).  Upon information and belief, SDI has also monitored the prosecution of foreign patent applications that are related to the '295 patent.

17.     Upon information and belief, SDI will continue to infringe the '295 patent unless enjoined by this Court.

18.     SDI does not have a license or permission to use the '295 patented technology.

19.     As a result of SDI's infringement of the '295 patent, Bose is being irreparably injured, and Bose will suffer additional irreparable injury unless and until SDI is enjoined by this Court.

20.     As a result of SDI's infringement of the '295 patent, Bose has suffered and will continue to suffer damages, in an amount yet to be determined, including due to loss of sales, profits, and potential sales that Bose would have made but for SDI's infringing acts.

21.     SDI's infringement of the '295 patent is and has been willful.  Upon information and belief, despite knowledge of the '295 patent, despite an objectively high likelihood that its actions constituted infringement of the '295 patent, despite that SDI knew or should have known of that objectively likelihood, SDI has infringed and will continue to infringe the patent with reckless disregard of it, by continuing to make, use, offer for sale, sell and/or import into the United States the accused audio products.  Upon information and belief, despite being aware of the imminent issuance of the '295 patent on January 29, 2013, and its knowledge that the accused audio products would infringe such patent upon its issuance, SDI has taken no steps to discontinue its sales of the accused audio products, or remove such products from the market, and has continued its infringing activities.

## PRAYER FOR RELIEF

WHEREFORE, Bose respectfully requests the following relief:

A.     a declaration that SDI has infringed the '295 patent under 35 U.S.C. § 271, and a final judgment incorporating the same;

B.     equitable relief under 35 U.S.C. § 283, including but not limited to an injunction that enjoins SDI and its officers, agents, servants, employees, representatives, successors, and

assigns, and all others acting in concert or participation with them, from continued infringement of the '295 patent;

C.      an accounting of all infringing sales and other infringing acts by SDI;

D.      an award of damages sufficient to compensate Bose for SDI's infringement of the '295 patent, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

E.      an order compelling an accounting for infringing acts not presented at trial and an award by the Court of additional damages for such acts;

F.      an order finding that SDI's infringement is willful and/or an order increasing damages under 35 U.S.C. § 284;

G.      an order finding that this is an exceptional case under 35 U.S.C. § 285 and awarding relief, including reasonable attorney fees, costs, and expenses; and

H.      such other relief as is just and proper.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Bose demands a trial by jury of all issues triable to a jury.

Dated:  February 13, 2013

By:  <u>/s/ Mark J. Hebert</u>
Mark J. Hebert (BBO 546,712)
Jolynn M. Lussier (BBO 564,636)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110-2804
Tel:  (617) 542-5070
Fax: (617) 542-8906
Hebert@fr.com
Lussier@fr.com

Attorneys for Plaintiff
BOSE CORPORATION